Shanks Leonhardt/Bar No. 025595
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
Direct Phone: 602-532-5677
Shanks.Leonhardt@sandersparks.com

Darcy C. Osta (*Pro Hac Vice forthcoming*)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
1717 Pennsylvania Avenue, NW, 12th Floor
Washington, D.C. 20006
Direct Phone: 202-659-6611
dosta@eckertseamans.com

*Attorneys for Plaintiff evoJets, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| evoJets, LLC,<br><br>                 Plaintiff,<br><br>v.<br><br>Aircraft Transport Services, Inc.,<br><br>                 Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff evoJets, LLC for its Complaint against Defendant Aircraft Transport Services, Inc. alleges as follows:

1.      This case arises from Defendant Aircraft Transport Services, Inc.'s ("Defendant" or "ATS") failure to perform air charter transportation services pursuant to the terms of the parties' Charter Contract dated August 25, 2025 (the "Contract").

## **PARTIES**

2.      Plaintiff evoJets, LLC ("Plaintiff or "evoJets") is a Colorado limited liability company with its principal place of business in New York.

3.      evojets has three individual members, none of whom are citizens of Florida or Arizona.

4.      evoJets is an aircraft charter broker that arranges private jet travel in the on-demand air charter market.

5.      ATS is a Florida corporation with its principal place of business in Melbourne, Florida.

6.      ATS is a direct air carrier certificated under 14 C.F.R. Part 135.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the jurisdictional threshold.

8.      Jurisdiction and venue are proper in this Court because the Contract contains a choice of venue provision whereby the parties agreed that "any claim shall be adjudicated in and governed by the laws of Arizona."

9.      ATS, therefore, consented to the jurisdiction of this Court with respect to evoJets's claims in the instant action.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTS**

11.     On or about August 25, 2025, evoJets, on behalf of its client, and ATS entered into the Contract pursuant to which ATS agreed to provide roundtrip air charter transportation services between Albany, New York ("KALB") and Funchal, Portugal ("LPMA") on a Gulfstream G-IV, Registration No. N415MA in exchange for payment in the amount of $168,400.00.

12.     evoJets paid the entire $168,400 contracted-for amount on September 18, 2025.

13.     The outbound leg of the roundtrip air charter transportation services was scheduled to depart from KALB at 10:00 a.m. ET on Thursday, September 25, 2025, and arrive at Madeira Airport in Portugal at approximately 9:45 p.m. local time.

14.     The return leg was scheduled to depart from LPMA at 10:00 a.m. local time on Friday, October 3, 2025, and arrive at KALB at approximately 12:35 p.m. ET (collectively the outbound leg and the return leg will be referred to as "the Trip").

- 2 -

15.    Pursuant to the terms of the Contract, ATS was responsible for obtaining all foreign approvals, traffic rights, and permits necessary to perform the Trip.

16.    LPMA is located on a plateau on the east coast of Madeira Island. Due to its close proximity to the mountains and the ocean, the runway at LPMA is subject to extreme wind conditions. Approaches and landings are, therefore, often extremely challenging.

17.    As a result, before flying into LPMA operators must obtain special authorization from the Portuguese aviation authority, Autoridade Nacional da Aviação Civil ("ANAC"), and approval will only be granted after an operator produces sufficient documentary proof that it is qualified to do so, as demonstrated by its compliance with strict crew and training requirements.

18.    The unique operating limitations applicable to LPMA are not only well known in the international charter community, but ATS was aware of the restrictions prior to entering into the Contract.

19.    On August 11, 2025, evoJets's Senior Charter Consultant, Jonah Hochman, asked ATS's Director of Sales, Mike Parotino whether ATS was able to fly into LPMA, given that there were numerous restrictions.

20.    Mr. Parotino confirmed that there was a "very strict mandatory wind limit" at LPMA and advised that he needed to check with the Chief Pilot to find out if ATS was able to operate the requested flight.

21.    Upon information and belief, after speaking with ATS's Chief Pilot, on August 12, 2025, Mr. Parotino initially informed evoJets that ATS was unable to perform the requested flight to LPMA because there were "too many restrictions."

22.    Several days later, however, Mr. Parotino contacted Mr. Hochman via telephone to advise that after speaking further with ATS's Chief Pilot, ATS confirmed that it has the necessary training to fly into LPMA to obtain the requisite approval for a landing permit.

23.    Based upon Mr. Parotino's representations that ATS's pilots had completed the mandatory training and thus could obtain the required approval to fly into LPMA, evoJets entered into the Contract for the Trip on August 25, 2025.

24.    From the date the Contract was signed to the scheduled departure date, ATS had more than sufficient time to obtain the requisite approvals, including traffic rights and permits, to perform the contracted-for air charter transportation services.

25.    ATS did not timely obtain the requisite approvals, traffic rights, and/or permits to operate to LPMA, and thus could not, and did not perform the air charter transportation services that were the subject of the Contract, thereby materially breaching the Contract.

**COUNT I**

**Breach of Contract**

26.    Paragraphs 1 through 25 are re-alleged and reincorporated as though fully set forth herein.

27.    The Contract is a valid and enforceable agreement between evoJets and ATS.

28.    Pursuant to the Contract, ATS was to perform the Trip by providing roundtrip air charter transportation services between KALB and LPMA on September 25, 2025 and October 3, 2025, on a Gulfstream G-IV, Registration No. N415MA, in exchange for payment in the amount of $168,400.00.

29.    evoJets timely paid ATS pursuant to the terms of the Contract.

30.    ATS breached the Contract by failing to perform the Trip.

31.    ATS's failure in this regard was solely within its direct control.

32.    As a result of ATS's breach of the Contract, evoJets sustained monetary damages in the amount of $168,400.00.

WHEREFORE, Plaintiff evoJets, LLC respectfully asks this Court to enter judgment against the Defendant Aircraft Transport Services, Inc. in the sum of one hundred sixty-eight thousand four hundred dollars ($168,400.00), attorneys' fees pursuant to A.R.S. § 12.341.01, plus pre- and post-judgment interest, reasonable costs and all other relief that the Court deems just and proper.

## COUNT II

### Breach of the Implied Covenant of Good Faith and Fair Dealing

33.    Paragraphs 1 through 32 are re-alleged and reincorporated as though fully set forth herein.

34.    The Contract is a valid and enforceable agreement between evoJets and ATS.

35.    Implied in every contract in Arizona, including the Contract, is a covenant of good faith and fair dealing.

36.    Under the covenant of good faith and fair dealing, ATS agreed not to act to impair the right of evoJets to receive the benefits flowing from the Contract.

37.    Pursuant to the Contract, ATS was to perform the Trip by providing roundtrip air charter transportation services between KALB and LPMA on September 25, 2025 and October 3, 2025, on a Gulfstream G-IV, Registration No. N415MA, in exchange for payment in the amount of $168,400.00.

38.    evoJets timely paid ATS pursuant to the terms of the Contract.

39.    ATS did not perform the Contract in a professional manner by failing to take all necessary steps to timely procure the requisite approvals, traffic rights, and/or permits to perform the Trip.

40.    ATS's actions were contrary to evoJets's expectations and industry standards.

41.    As a result of ATS's failure to perform its contractual obligations in a professional manner consistent with evoJets's expectations, ATS breached its implied covenant of good faith and fair dealing such that evoJets was denied the benefits of their agreement and sustained damages.

WHEREFORE, Plaintiff evoJets, LLC respectfully ask this Court to enter judgment against the Defendant Aircraft Transport Services, Inc. in the sum of one hundred sixty-eight thousand four hundred dollars ($168,400.00), attorneys' fees pursuant to A.R.S. § 12.341.01, plus pre- and post-judgment interest, reasonable costs and all other relief that the Court deems just and proper.

## COUNT III

### Unjust Enrichment/Quantum Meruit (in the alternative)

42.    Paragraphs 1 through 25 are re-alleged and reincorporated as though fully set forth herein.

43.    ATS agreed to perform the Trip and provide roundtrip air charter transportation services between KALB and LPMA on September 25, 2025 and October 3, 2025, in exchange for payment in the amount of $168,400.00.

44.    evoJets paid $168,400.00 to ATS but ATS did not perform the agreed-to services.

45.    ATS was unjustly enriched by evoJets's payment of $168,000.

46.    evoJets was unjustly impoverished when it paid $168,000 to ATS for the Trip that ATS failed to perform.

47.    ATS was not justified in retaining evoJets's payment of $168,000.

48.    It would be unfair for ATS to retain the monies evoJets paid, which were intended to compensate ATS for the performance of agreed-to air charter transportation services.

49.    evoJets is, therefore, entitled to damages in the amount of $168,400.00.

WHEREFORE, Plaintiff evoJets, LLC respectfully asks this Court to enter judgment against the Defendant Aircraft Transport Services, Inc. in the sum of one hundred sixty-eight thousand four hundred dollars ($168,400.00), attorneys' fees pursuant to A.R.S. § 12.341.01, plus pre- and post-judgment interest, reasonable costs and all other relief that the Court deems just and proper.

## COUNT IV

### Promissory Estoppel (in the alternative)

50.    Paragraphs 1 through 25 are re-alleged and reincorporated as though fully set forth herein.

51.    ATS promised that it could and would perform the Trip and provide roundtrip air charter transportation services between KALB and LPMA on September 25, 2025 and October 3, 2025, in exchange for payment in the amount of $168,400.00.

52.    Given ATS's representations regarding its ability to perform the promised air charter transportation services, it was reasonable that evoJets would rely on ATS's promise to perform the Trip.

53.    evoJets justifiably relied on ATS's promise to perform the Trip and paid $168,400.00 to ATS in connection therewith.

54.    ATS knew or should have known that evoJets would rely upon ATS's promises regarding its ability to perform the Trip.

55.    ATS did not perform the Trip in accordance with its promise, thereby causing evoJets to incur a loss in the amount of $168,400.00.

WHEREFORE, Plaintiff evoJets, LLC respectfully ask this Court to enter judgment against the Defendant Aircraft Transport Services, Inc. in the sum of one hundred sixty-eight thousand four hundred dollars ($168,400.00), attorneys' fees pursuant to A.R.S. § 12.341.01, plus pre- and post-judgment interest, reasonable costs and all other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff evoJets, LLC hereby demands a trial by jury on issues triable to a jury.

RESPECTFULLY SUBMITTED this 23rd day of January, 2026.

**SANDERS & PARKS, P.C.**

By    */s/ Shanks Leonhardt*
Shanks Leonhardt
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099

and

Darcy C. Osta (*Pro Hac Vice forthcoming*)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
1717 Pennsylvania Avenue, NW, 12th Floor
Washington, D.C. 20006

*Attorneys for Plaintiff evoJets, LLC*

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.


By: /s/ L. Chiappetta