**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| evoJets LLC,<br>Plaintiff,<br>v.<br>Aircraft Transport Services Incorporated,<br>Defendant. | No. CV-26-00486-PHX-DJH<br><br>**ORDER** |

Before the Court is Plaintiff evoJets LLC's ("evoJets") Motion for Default Judgment against Defendant Aircraft Transport Services Incorporated ("ATS") (Doc. 15). For the following reasons, the Court grants evoJets' Motion.

## I. Background

evoJets brings claims concerning ATS's alleged breach of contract entered between the parties on August 25, 2025. (Doc. 1 at ¶ 2). evoJets operates as an aircraft charter broker, arranging private jet transportation for its clients. (*Id.* at ¶ 4). On August 25, 2025, evoJets, on behalf of its client, executed a charter contract with ATS for roundtrip air charter transportation services on September 25 and October 3, 2025. (Docs. 1 at ¶ 11; 15-1 at 5). The contract required evoJets to pay $168,400. (Doc. 1 at ¶ 11). The contract also provided that claims for liability "shall be adjudicated in and governed by the laws of Arizona." (Docs. 1 at ¶ 8; 15-1 at 6). evoJets paid $168,400 to ATS on September 18, 2025. (Docs. 1 at ¶ 12; 15-1 at ¶ 5, Ex. 2, 14). ATS failed to "perform the air charter

transportation services" as required by the contract. (Docs 1 at ¶ 25; 15-1 at ¶ 6).

On January 23, 2026, evoJets filed this Complaint against ATS for breach of contract and breach of the implied covenant of good faith and fair dealing, as well as alternative claims of unjust enrichment/quantum meruit and promissory estoppel. (Doc. 1 at ¶¶ 26–55). evoJets properly served ATS at its registered agent on February 3, 2026. (Doc. 8). ATS failed to Answer or otherwise respond to the Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

evoJets filed an Application for Entry of Default on February 26, 2026, which the Clerk entered the following day. (Docs. 13 & 14). Finally, on March 12, 2026, evoJets filed its Motion for Default Judgment seeking $168,400.00 plus pre- and post-judgment interest. (Doc. 15 at 3). ATS did not appear or respond to the Motion.

## II. Legal Standard

Federal Rule of Civil Procedure ("Rule") 55(b)(2) provides that the court may enter default judgment against a party whom default has been entered. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006). As a "general rule," default judgments are "ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Nevertheless, granting default judgment is within the court's discretion. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, courts are guided by the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. When default has already been entered against a defendant, the court accepts as true all factual allegations in the complaint except those related to the amount of damages. *Streeter*, 438 F. Supp. 2d at 1070 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). However, a defendant is not held to

admit facts that are not well-pled or to admit conclusions of law. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation and quotation omitted). Therefore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *accord DIRECTV*, 503 F.3d at 854. Lastly, the scope of relief is limited by Rule 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

## III. Discussion

### A. Jurisdiction

In considering whether to enter default judgment, the court "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (finding lower court properly considered, *sua sponte*, issue of personal jurisdiction over defaulting party). If the court lacks jurisdiction, it may not issue a default judgment. *Id.* The party seeking to invoke the court's jurisdiction based on diversity always bears the burden of both pleading and proving diversity jurisdiction. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). At the pleading stage, however, allegations of jurisdictional fact need not be proven unless challenged. *See, e.g., DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

Here, evoJets asserts this Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. (Doc. 1 at ¶ 7). As alleged, evoJets is a Colorado limited liability company with its principal place of business in New York; ATS is a Florida corporation with its principal place of business in Florida; and none of evoJets' three members are citizens of Florida or Arizona. (*Id.* at ¶¶ 2–5). evoJets asserts the amount in controversy is $168,400.00. (*Id.* at 7). The Court finds that it has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1).

evoJets represents that ATS consented to personal jurisdiction when it entered a contract with evoJets that "contains a choice of venue provision whereby the parties agreed

that 'any claim shall be adjudicated in and governed by the laws of Arizona.'" (Docs. 1 at ¶ 8; 15-1 at 6). A contract's forum selection clause alone is sufficient to confer personal jurisdiction. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406–07 (9th Cir. 1994); *see also Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (recognizing the principle that forum selection clauses are presumptively valid and "should control except in unusual cases"); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007) ("[A] forum selection clause may give rise to waiver of objections to personal jurisdiction, provided that the defendant agrees to be so bound.") (internal citations omitted). Under the contract, the parties agreed that "any claim shall be adjudicated in and governed by the laws of Arizona." (Doc. 15-1 at 6). Therefore, the Court also finds the parties have consented to it exercising personal jurisdiction.

**B. Liability, *Eitel* Factors**

Because the Court has jurisdiction, it will proceed to evaluate the *Eitel* factors to assess the merits of Plaintiff's Motion for Default Judgment.

**1. Possibility of Prejudice to Plaintiff**

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (internal quotation marks and citation omitted). This factor favors default judgment where the defendant fails to answer the complaint because the plaintiff "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Marquez v. Chateau Hosp., Inc.*, 2020 WL 5118077, at *2 (C.D. Cal. June 11, 2020).

evoJets properly served ATS, yet ATS has failed to answer or otherwise appear. (Doc. 8). If default judgment is not entered, evoJets is likely without recourse. Accordingly, the Court finds the first *Eitel* factor weighs in favor of default judgment.

**2. Merits of Claim and Sufficiency of Complaint**

The second and third *Eitel* factors—substantive merits and sufficiency of the complaint—are typically considered together because such factors require the Court to

consider whether the complaint states a plausible claim for relief under the Rule 8 pleading standards. *See PepsiCo*, 238 F. Supp. 2d at 1175; *Best W. Int'l Inc. v. Ghotra Inc.*, 2021 WL 734585, at *3 (D. Ariz. Feb. 25, 2021); *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). A claim is plausible when it is brought under a cognizable legal theory and the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept the allegations of the complaint as true when applying these *Eitel* factors. *See Ghotra*, 2021 WL 734585, at *2 (citing *TeleVideo Sys., Inc.*, 826 F.2d at 917–18); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). If a court has "serious reservations" about the merits of a plaintiff's claims based on the pleadings, these factors weigh in favor of denying default judgment. *See Eitel*, 782 F.2d at 1472.

evoJets brings claims against ATS for breach of contract and breach of contract and breach of the implied covenant of good faith and fair dealing, as well as alternative claims of unjust enrichment/quantum meruit and promissory estoppel. (Doc. 1 at ¶¶ 26–55). To prevail on a breach of contract claim under Arizona law, "a plaintiff must show a contract, a breach of contract, and damages." *Best W. Int'l, Inc. v. Patel*, 523 F. Supp. 2d 979, 988 (D. Ariz. 2007) (citing *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975)). evoJets has alleged and provided documentary evidence that the parties entered into a valid, written contract on August 25, 2025. (Docs. 1 at ¶ 11; 15-1 at 9–16). evoJets asserts that ATS breached this contract because it failed to perform the contracted-for roundtrip air charter transportation services. (Docs. 1 at ¶ 25; 15-1 at ¶ 6). Lastly, evoJets asserts and established that it was damaged as a result because it paid ATS $168,400. (Docs. 1 at ¶ 12; 15-1 at ¶ 5, 14). Thus, based on the facts described in the Complaint and Motion, evoJets has pled a prima facie case that ATS is liable for breach of contract and breach of the implied covenant of good faith and fair dealing. Because evoJets pled unjust enrichment/quantum meruit and promissory estoppel in the alternative, the Court does not address whether evoJets has pled a prima facie case. Accordingly, the Court finds the

second and third *Eitel* factors weigh in favor of default judgment.

**3. Amount in Controversy**

Under the fourth *Eitel* factor, the Court considers "the amount of money at stake in relation to the seriousness" of ATS' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176; *see also King v. Union Leasing Inc.*, 2018 WL 5044660, at *2 (D. Ariz. Oct. 17, 2018). In other words, "[t]he amount at stake must be proportionate to the harm alleged." *Comphy Co., Inc. v. Comfy Sheet*, 2021 WL 5051929, at *7 (C.D. Cal. Nov. 1, 2021) (finding $590,522.68 in requested damages favored default judgment).

Here, evoJets seeks $168,400.00 plus pre- and post-judgment interest. (Docs. 1 at 7; 15 at 3). This reflects the amount evoJets paid to ATS as required by the contract. (Doc. 15-1 at ¶ 5, Ex. 2, 14). Because evoJets seeks only to recover the contracted-for amount it has already paid to ATS, the amount at stake is proportionate to the harm. Accordingly, the Court finds the fourth *Eitel* factor weighs in favor of default judgment.

**4. Possibility of Dispute Over Material Facts**

The fifth *Eitel* factor considers "the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6, 2021). Where the defendant "defaults by refusing to answer and defend, the allegations in the well-pleaded complaint are presumed true and . . . there is no possible dispute of material facts" with respect to liability. *D.A. v. Witt*, 2021 WL 2802932, at *4 (E.D. Cal. July 2, 2021); *see Talavera*, 2021 WL 3493094, at *15 ("[A]ny purported factual dispute appears settled, as there is no indication that the Defaulted Defendants will defend against the action.").

Given the sufficiency of the Complaint and ATS' default, the Court finds that "no genuine dispute of material facts would preclude [the Court from] granting Plaintiff's motion." *PepsiCo*., 238 F. Supp. 2d at 1177. Accordingly, the Court finds the fifth *Eitel* factor weighs in favor of default judgment.

**5. Excusable Neglect for Default**

The sixth *Eitel* factor considers whether a defendant's default may have been the

product of excusable neglect. *See id.* Usually, a court will ask whether the failure to answer is due to excusable neglect. *See Eitel*, 782 F.2d at 1472 (noting that the parties were engaged in settlement negotiations excused defendant from failing to answer).

Here, ATS was properly served with the Summons and Complaint. (Doc. 8). Given these circumstances, it is unlikely that Defendant's failure to answer or otherwise respond and failure to oppose Plaintiff's motion for default judgment was a result of excusable neglect. *Cf. Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (concluding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Accordingly, the Court finds the sixth *Eitel* factor weighs in favor of default judgment.

**6. Policy Favoring Decisions on the Merits**

The seventh and final *Eitel* factor requires the Court to determine whether the strong preference for deciding cases on the merits should prevent it from entering default judgment. *Eitel*, 782 F.2d at 1472. However, the existence of Rule 55, which authorizes default judgments, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal quotation marks and citation omitted). In cases such as this, where no party has filed a responsive pleading, a decision on the merits is "impractical, if not impossible." *Id.* Stated differently, it is difficult to reach the merits when the opposing party is absent.

Because evoJets has asserted plausible claims for relief to which ATS has failed to respond, the policy encouraging decisions on the merits does not weigh against entry of a default judgment in this case. Accordingly, the Court finds seventh and final *Eitel* factor weighs in favor of default judgment.

**C. Damages**

Because the entry of default judgment is proper, the Court must now determine evoJets' claimed damages. In contrast to the other allegations in a complaint, allegations pertaining to damages are not automatically taken as true. *TeleVideo Sys., Inc.*, 826 F.2d

at 917–18. Instead, there must be some evidentiary basis for the damages sought. *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011); Fed. R. Civ. P. 54(c). The court may rely on "declarations submitted by the plaintiff" in determining damages. *Doe v. United States*, 2018 WL 2431774, at *8 (D. Ariz. May 30, 2018) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). The court may enter default judgment without a hearing on damages when "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013). Still, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Here, the damages evoJets seeks in the Motion do not differ in kind from what was initially demanded in the Complaint. (*See* Docs. 1 at 7; 15 at 3). evoJets seeks $168,400 plus pre- and post-judgment interest for ATS' breach. (Doc. 15 at 3). The requested damages are a definite sum and reflect the amount evoJets paid to ATS as required by the contract. (*Id.* at 9). The requested damages are supported by the Declaration of Richard Palese, evoJets' Managing Partner, the contract entered between the parties, and the proof of payment. (Doc. 15-1).

The Court finds that evoJets' Motion, the Declaration of Richard Palese, and attached exhibits sufficiently establish the amount of damages suffered by evoJets. (Docs. 15; 15-1). The Court will therefore enter default judgment against ATS in the amount of $168,400, plus pre- and post-judgment interest.

## IV. Conclusion

The Court concludes that the *Eitel* factors favor entry of default judgment against ATS and that evoJets has provided adequate evidence of their compensatory damages and right to pre- and post- judgment interest on that amount.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff evoJets LLC's Motion for Entry of Default Judgment against Defendant Aircraft Transport Services Incorporated (Doc. 15) is

**granted**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment under Federal Rule of Civil Procedure 54(b) as follows: judgment in favor of Plaintiff evoJets LLC against Defendant Aircraft Transport Services Incorporated in the amount of $168,400, plus pre-judgment interest accruing at the statutory rate on the amount due from September 25, 2025, until the judgment is entered, and post-judgment interest accruing at the applicable federal rate pursuant to 28 U.S.C. § 1961(a) due from the date judgment is entered until the judgment is paid in full.

**IT IS FINALLY ORDERED** that no further matters remain pending in this case and that this case is **DISMISSED**.

Dated this 30th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge